# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2406 | **DATE** | 6/28/2000 |
| **CASE TITLE** | Jacqueline Blakely vs. Handyman Online, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Affirmative Defenses and 4 are stricken. As for affirmative defense 2, it too will be stricken unless Handyman files an appropriate amendment to that AD in this Court's chambers on or before July 10, 2000 explaining the predicate for its contention.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 29 2000 | 5 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/28/2000 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACQUELINE BLAKELY,           )
                              )
            Plaintiff,        )
                              )
      v.                      )     No. 00 C 2406
                              )
HANDYMAN ONLINE, INC.,        )
                              )
            Defendant.        )

MEMORANDUM ORDER

Handyman Online, Inc. ("Handyman") has filed its Answer to the Title VII employment discrimination action brought against it by its ex-employee Jacqueline Blakely (the gravamen of Blakely's Complaint sounds in sexual harassment leading to her claimed constructive discharge). Although Handyman's direct response to the Complaint's allegations is unexceptionable from a pleading perspective, this sua sponte memorandum order is triggered by certain of Handyman's claimed Affirmative Defenses ("ADs"), as to which Handyman's experienced counsel should clearly know better.

First, AD 1 sets out the equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion that Blakely "has failed to state a claim upon which relief may be granted." That is truly nonsensical when, as is required for such purposes, Blakely's allegations must be viewed as gospel. Based on those allegations, she is clearly entitled to stay in court under the basic teaching of Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Next, AD 2 asserts that Blakely "has failed to meet all the conditions precedent to filing an action under Title VII of the Civil Rights Act of 1964." Unless there is something more (or less) here than meets the eye, Complaint ¶¶7 and 8 and the Complaint's attached Exs. A and B negate any such contentions. If Handyman really wants to maintain that position, it must flesh out its assertion of such claimed failure, rather than simply stating an unsupported conclusion to that effect.

Finally, the AD 4 assertion that Blakely "voluntarily quit her employment" flies directly in the face of her Complaint ¶15 allegation that she "was forced to leave her job and was thus constructively discharged" by reason of the continuation of the pattern of sexual harassment even after she had voiced her complaints to Handyman. Although an AD is not precisely equivalent to the old common law plea in confession and avoidance, it still contemplates the defendant's admission of the plaintiff's allegations--but coupled with an explanation of why plaintiff is nonetheless not entitled to prevail (or, as in the case of comparative negligence, is entitled to prevail for a lesser amount than is claimed). On that score, see not only Rule 8(c) itself but such cases as <u>Bobbitt v. Victorian House, Inc.</u>, 532 F.Supp. 734, 736-37 (N.D. Ill. 1982), a decision approved in <u>Heller Financial, Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989).

2

Accordingly ADs 1 and 4 are stricken. As for AD 2, it too will be stricken unless Handyman files an appropriate amendment to that AD in this Court's chambers on or before July 10, 2000 explaining the predicate for its contention.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 28, 2000